# WELCH & COMPANY

*v.*

# CENTRAL SAN CRISTOBAL, INC.

San Juan, Equity, No. 940.

BOOKS OF ACCOUNT.

Evidence—Books of Account.

> Business books of account do not prove themselves, no matter how regular they appear. In order to prove a debt by them, they must be shown to be kept in the regular course of business, their correctness shown by the official in charge of them, and his knowledge must be shown. They may, however, within the discretion of the court, be admitted *pro forma* subject to being connected up by further proof.

Opinion filed October 20, 1914.

*Mr. H. G. Molina* for complainant.

*Mr. J. Henri Brown* for United States Mortgage & Trust Company.

*Mr. F. R. Graves* for Fajardo Sugar Company.

HAMILTON, Judge, delivered the following opinion:

This is a hearing practically on a reference, that is to say, the court is acting as if it was the master, at the request of the

---

NOTE.—As to authentication of books of account and entries as affecting admissibility in evidence, see note in 52 L.R.A. 590.

parties, in order to save time. The court is perfectly willing to
take the course suggested. Often in the course of a trial a
piece of evidence is presented and admitted subject to its being
connected up. If that is not done later, it is ruled out. That
would be proper, especially before a master. The court is to
this extent acting as a master; so the court will overrule the
objection to the books, and admit them subject to proper proof
hereafter that they are the books of the company.

The court is sensible that this case is not exactly like a jury
trial where everything is in court, witnesses are in court, and
parties have to stand or fall by one day's trial. This is more
like a reference. At the same time it is only fair to say that
the court is satisfied that unless there is further evidence con-
necting the books with the company, they would not be admitted.
The point is this. Here is a suit, and it does not make any dif-
ference what proceeding it is in, or what court it is in. Here is
a suit by one party to collect a debt from another party. There
are two ways of proving that debt. Either party can be a wit-
ness to prove it, or a third person who witnessed the transaction
could prove it; but it is not sought to get at the debt in that
way. It is not sought to show anything by Mr. Welch or who-
ever make up that firm; he is not a witness to show that he
loaned so much money to the other party. It is not sought,
by putting the defendant on the stand, to prove that he borrowed
that much money from Mr. Welch. Neither party is a witness
at present. What is sought is to introduce books kept by one
party as proving this debt. Well, that is admissible under
certain conditions. Those books have to be kept in the regular
course of business, and that has to be proven, and there are a
number of things connected with these books that have to be

Welch & Co. v. Central San Cristobal.

shown. Furthermore, this would have to be shown by the officer in charge, the officer keeping the books, making the entries, and furthermore, it would have to be shown that he was that officer, and how he knew the facts. So that there is a good deal to be proved before the books are actually admissible in the case, but the court will admit them subject to that further proof. How it is to be made it is unnecessary to discuss now, whether by deposition or how, but as it stands now the objection is well taken. The books are not shown to evidence the debt, but the attorney undertakes to produce that proof, and, as the hearings go on from day to day for some time, I will admit the evidence for the time being, to be connected up later.